IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

APPLIED PARTNERS, INC.,

v.  CIVIL ACTION NO. 2:18-cv-00048

LIQUASOL, LLC, et al.,

MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Application for a Preliminary Injunction [ECF No. 5]. The defendants filed a response [ECF No. 7]. This matter is now ripe for adjudication. For the following reasons, the Motion is **DENIED**.

I. Background

On January 12, 2018, the plaintiff filed this action pursuant to a contract it entered into with the defendants. *See* Compl. [ECF No. 1]. According to the plaintiff, the defendants are currently harvesting and selling timber, and the plaintiff is entitled to receive 50% of the profits from this enterprise pursuant to their contract. *Id.* ¶¶ 9–11. On January 19, 2018, the plaintiff filed an application for an attachment and preliminary injunction against the defendants. Pl.'s Appl. for Prelim. Inj. 1–5 [ECF No. 5]. The plaintiff requests that the court enter an order restraining and enjoining the defendants from spending or dissipating any of the proceeds from the sale of the timber, and require the remission of all proceeds from the sale of the timber to a receiver appointed by the court until the resolution of this matter. *Id.* at 5–6.

II. Discussion

In its motion, the plaintiff argues that it is entitled to: (1) an attachment pursuant to West Virginia Code § 38-7-1, and (2) a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. *Id.* 1–5.

### a. West Virginia Code § 38-7-1

Under Federal Rule of Civil Procedure 64, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." West Virginia Code § 38-7-1 allows plaintiffs to receive an order of attachment against defendants before a judgment in certain circumstances. The section provides that to have any property seized, the plaintiff must file

> with the clerk of the court in which such action . . . is brought, his own affidavit or that of some credible person, stating the nature of the plaintiff's claim and the amount, at the least, which the affiant believes the plaintiff is justly entitled to recover . . . and also that the affiant believes the plaintiff is justly entitled to recover in the action . . . and also that the affiant believes that some or more of the grounds mentioned in the next following section of this article exist for such attachment.

W. V. Code § 38-7-1. The plaintiff did not submit an affidavit with his motion. Therefore, he is not eligible to receive an attachment pursuant to West Virginia Code § 38-7-1.

### b. Federal Rule of Civil Procedure 65

Federal Rule of Civil Procedure 65 governs preliminary injunctions. A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). Plaintiffs "must overcome the presumption that a preliminary injunction will not issue when the harm suffered can be remedied by money damages at the time of judgment." *Id.* "The reluctance to award preliminary injunctions where the harm at issue can be remedied by an award of money damages at judgment arises out of the concerns raised by the preliminary injunction remedy." *Hughes Network Sys., Inc., v. InterDigital Commc'n Corp.*, 17 F.3d 691, 693 (4th Cir. 1994). "[G]ranting a preliminary injunction requires that a district court, acting on an incomplete record, order a party to act, or refrain from acting, in a certain way. The danger of a mistake in this setting is substantial." *Id.* (quoting *Am. Hosp. Supply Corp. v. Hosp. Prods., Ltd.*, 780 F.2d 589, 593 (7th Cir.1986)) (internal quotation marks omitted).

The United States Supreme Court and the United States Court of Appeals for the Fourth Circuit have provided district courts with a precise analytical framework for determining whether to grant preliminary relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds*, 130 S. Ct. 2371 (2010). First, the plaintiffs must make a clear showing that they are likely to succeed on the

merits. *The Real Truth About Obama, Inc.*, 575 F.3d at 346. Second, the plaintiffs must make a clear showing that they are likely to be irreparably harmed absent preliminary relief. *Id.* Third, the plaintiffs must show that the balance of equities tips in their favor. *Id.* Finally, the plaintiffs must show that an injunction is in the public interest. *Id.* All four requirements must be satisfied. *Id.*

As to the second element, that the movant is likely to suffer irreparable harm, "[t]he key word . . . is *irreparable.* Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Hughes Network Sys., Inc.*, 17 F.3d at 694 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). The Supreme Court has explained that the injury must be more than speculative—it must be real and actual. *Henderson v. Bluefield Hosp. Co., LLC*, 208 F. Supp. 3d 763, 770 (S.D. W. Va. 2016) (citing *Winter*, 555 U.S. at 22). "Bare allegations of what is likely to occur are of no value since the court must decide whether the harm will in fact occur." *Id.* (quoting *Wisconsin Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 758 (D.C. Cir. 1985)). Therefore, "[t]he movant must provide proof that the harm has occurred in the past and is likely to occur again, or proof indicating that the harm is certain to occur in the near future." *Id.*

"Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable." *Hughes Network Sys., Inc.*, 17 F.3d at 694. This is because "[m]onetary relief typically may be granted as easily at judgment as at a preliminary

4

injunction hearing, and a party does not normally suffer irreparable harm simply because it has to win a final judgment on the merits to obtain monetary relief." *Id.* "Even if a loss can be compensated by money damages at judgment, however, extraordinary circumstances may give rise to the irreparable harm required for a preliminary injunction." *Id.* Extraordinary circumstances include "where the moving party's business cannot survive absent a preliminary injunction or where damages may be unobtainable from the defendant because he may become insolvent before a final judgment can be entered and collected." *Id.* (citations omitted).

Here, the plaintiff is suing the defendants to recover proceeds from the sale of timber which it believes it is entitled to. Compl. 4. According to the plaintiff, it will suffer irreparable harm without a preliminary injunction for two reasons. *Id.* ¶¶ 4–5. First, the defendants are "likely to dissipate the proceeds to be received from the on-going cutting and sale of timber in which [the] [p]laintiff has a fifty percent interest." *Id.* ¶ 5. Second, "[u]pon information and belief" the defendants are not "sufficiently solvent to be able to respond in damages should all timber be harvested and sold pending" this lawsuit. *Id.* ¶ 4. The plaintiff did not provide a single piece of evidence to support the conclusion that the defendants are likely to dissipate the proceeds or are not sufficiently solvent to pay damages at the end of this lawsuit, should they be ordered to. At this stage, the plaintiff's accusations against the defendants are nothing more than speculation.

5

On the other hand, the defendants submitted an affidavit by Tim Lyon, a managing member and authorized representative of each of the defendants, which directly contradicts the plaintiff's assertions. Defs.' Resp. Ex. 1, at 1–4 [ECF No. 7-1]. According to Mr. Lyon's affidavit, were the court to determine that the defendants owe the plaintiff the money it seeks, they "can and will" pay. *Id.* at ¶ 9. Further, the defendants maintain that they "have not and are not absconding with timber sale proceeds." *Id.* ¶ 10. Lastly, the defendants maintain that the plaintiff will soon owe the defendants money for profits obtained from scrapping an aluminum plant, and that the money from this endeavor will far exceed that which the plaintiff seeks for the sale of timber. *Id.* ¶¶ 14, 18. According to the defendants, these "proceeds provide[] more than adequate resources to compensate [the] plaintiff if [the] plaintiff were entitled to monetary damages." Defs.' Resp. ¶ 4 [ECF No. 7].

Based on the plaintiff's lack of evidence and the defendant's evidence to the contrary, the court **FINDS** that the plaintiff will not suffer irreparable harm without a preliminary injunction. Since all four requirements must be satisfied and the plaintiff has failed to demonstrate that it will suffer irreparable harm, the court's inquiry is over.

III. Conclusion

Preliminary injunctions are reserved for the most compelling, extraordinary cases and this not one of them. The Plaintiff's Application for a Preliminary

Injunction is **DENIED** [ECF No. 5]. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 29, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE